IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
KATHERINE SHEA,                  )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 13 C 8695
                                 )
THE BOARD OF EDUCATION OF        )
THE CITY OF CHICAGO and          )
MICHAEL BORAZ,                   )
                                 )
            Defendants.          )
```

MEMORANDUM OPINION AND ORDER

Katherine Shea ("Shea") was a tenured teacher at Lincoln Park High School ("LPHS") in Chicago, Illinois until April 2013. In Count II of her first amended complaint, Shea alleges that the principal at LPHS, Michael Boraz ("Boraz"), tortiously interfered with her contract with the Chicago Board of Education ("Board").

Boraz has moved to dismiss Count II with prejudice. Boraz argues, *inter alia*, that Count II is premised on a contract to which Shea is not a party.

I grant Boraz's motion to dismiss for the reasons stated below. The dismissal, however, is without prejudice.

I.

At the motion to dismiss stage, I must accept as true all well-pleaded allegations in Shea's complaint and draw all

reasonable inferences in her favor.  *See Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

Shea began teaching English at LPHS about twenty years ago. Dkt. No. 17 ("Am. Compl.") at ¶ 8.  In June 2012, Boraz gave Shea a performance rating of "unsatisfactory."  *Id*. at ¶ 14. This was the first time in Shea's career, which spanned five principals before Boraz, that she received a rating below "superior" or "excellent."  *Id*. at ¶ 13.  Shea believes that Boraz's rating of her was "false and pretextual."  *Id*. at ¶ 15.

As a tenured teacher, Shea was entitled to a reasonable written warning of her alleged performance deficiencies and a remediation plan.  *Id.* at ¶ 16 (citing 105 ILCS §§ 5/24-12A, 5/34-85).  Although Boraz failed to provide Shea with a remediation plan, she engaged in extensive professional development activities on her own initiative.  *Id*. at ¶¶ 19-20. Boraz did not acknowledge Shea's efforts to remedy her alleged performance deficiencies.  *Id*. at ¶ 24.

In March 2013, Boraz announced that all students at Lincoln Park High School, rather than only a select group, could enroll in International Baccalaureate classes.  *Id*. at ¶ 26.  According to Boraz, this change meant that all teachers who received "unsatisfactory" performance ratings in 2012 were required to re-apply for their positions.  *Id*. at ¶ 28.  Boraz had authority to make final hiring decisions.  *Id*.

Shea duly re-applied for her teaching position at LPHS. *Id*. at ¶ 29.  On April 12, 2013, Boraz informed Shea that he was not going to rehire her for the 2013-14 school year.  *Id*. at ¶ 30.  Shea thinks that the reorganization of the International Baccalaureate program was a pretext for terminating older, more experienced teachers.  *Id*. at ¶ 31.

In her first amended complaint, Shea alleges that (1) the Board terminated her employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; (2) Boraz tortiously interfered with her contractual relationship with the Board; and (3) the Board violated the Illinois School Code in several respects.

## II.

Boraz have moved to dismiss Count II, with prejudice, on several grounds.  Boraz argues, *inter alia*, that Shea's tortious interference with contract claim is premised on a contract to which she is not a party.

### A.

The first element of a tortious interference with contract claim under Illinois law is "the existence of a valid and enforceable contract between the plaintiff and another."  *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672 (Ill. 1989) (internal quotation omitted).

Shea alleges, in conclusory fashion, that she had a "valid and enforceable contract" with the Board. *See* Am. Compl. at ¶ 44. Shea's response brief is silent on the source or nature of her alleged contractual rights. Boraz is correct that Shea is not a party to the collective bargaining agreement ("CBA") between the Chicago Teachers Union and the Board. Accordingly, Shea may not sue Boraz for tortuously interfering with the CBA. *See Douglas v. Lofton*, No. 12 C 8592, 2013 WL 5940749, at *4 (N.D. Ill. Nov. 6, 2013) (St. Eve, J.). To the extent Shea thinks her statutory tenure rights are a source of contractual rights, *see* 105 ILCS § 5/34-85, the Seventh Circuit has rejected this argument. *See Pittman v. Chicago Bd. of Educ.*, 64 F.3d 1098, 1104 (7th Cir. 1995) ("[A] statute is presumed not to create contractual rights.").

B.

Shea has sought leave to re-plead Count II as a tortious interference with prospective business and economic advantage claim.

> To state a cause of action for intentional interference with prospective economic advantage, a plaintiff must allege (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference.

*Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1133 (Ill. 2001) (internal quotation omitted).

Boraz opposes Shea's request to amend Count II on the ground that the deadline to amend pleadings was May 21, 2014. *See* Dkt. No. 12. That deadline, however, does not apply to Shea's request to file a second amended complaint in response to Boraz's motion to dismiss.

On the merits, Boraz also argues that Shea's second amended claim would be futile because the Illinois Tort Immunity Act's one year statute of limitations bars such a claim. *See* 745 ILCS § 10/8-101.[1] Boraz's last allegedly tortious action occurred in April 2013, but Shea did not sue him until June 2014.

The Illinois Tort Immunity Act applies to "injuries that are caused by a local public entity or one of its employees *acting within the scope of his or her employment*." *Sperandeo v. Zavitz*, 850 N.E.2d 394, 396 (Ill. App. Ct. 2006) (emphasis added). Shea, however, has alleged that Boraz "act[ed] solely to harm Ms. Shea and not to further the interests of the Board." Am. Compl. at ¶ 50. In other words, Boraz allegedly acted *outside* the scope of his employment when he gave Shea an unsatisfactory performance rating, failed to give her a

---

[1] "No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS § 10/8-101.

5

remediation plan, and refused to rehire her. Accepting this allegation as true, Shea's proposed tortious interference with prospective business and economic advantage claim would not be time barred.

In short, Shea's request to amend Count II is not obviously futile, especially given that she need not anticipate and defeat affirmative defenses in her complaint. *See Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014).

### III.

Boraz's motion to dismiss Count II is GRANTED for the reasons stated above. Shea may re-plead this claim within fourteen (14) days.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: December 19, 2014

6